Matter of the Estate of KATE M. BROOKFIELD, Deceased.

(Surrogate's Court, New York County, November, 1919.)

Wills — trusts — method of ascertaining residuary estate.

> Testatrix, after certain bequests to each of her three sons, directed her executors to divide the remainder of her estate into three equal shares. She devised and bequeathed to each of two sons one of the shares absolutely and the remaining share was given in trust to invest with direction to pay the net income thereof to a third son for life. *Held,* that under the rule laid down in *Matter of Benson,* 96 N. Y. 499, one-third of the residuary estate, as of the date of the death of testatrix, should be set apart for the trust created for the third son and one-third of the total income of the residuary estate paid for his benefit to the trustee.
>
> All the income accrued upon the remaining two-thirds of the residuary estate, together with interest within one year from the grant of letters testamentary upon a money legacy given to the third son, should be divided into three equal parts and one of them paid to the trustee of the third son.

PROCEEDINGS upon the settlement of the accounts of executors.

Surrogate's Court, New York County, November, 1919. [Vol. 109.

Platt & Field, for executors.

Geller, Rolston & Horan, for trustee.

COHALAN, S. Upon the settlement of the decree in the accounting proceeding instituted by the executors, question has arisen as to the proper distribution of the income among the residuary legatees. The two accounting executors and the Farmers Loan and Trust Company as trustee for James Hanford Brookfield are the residuary legatees. It is claimed by the executors that all of the income which has accrued since the death of the testatrix should be divided, together with the principal, into three equal parts, and one of said parts paid over to each of the three residuary legatees. On the other hand it is the contention of the trustee that one-third of the residue of testator's estate, as of the date of her death, should be set apart for the trust created for James Hanford Brookfield, and one-third of the total income of the residuary estate paid over to the trustee for his benefit. The trustee further claims that all the income accrued on the remaining two-thirds of the residuary, together with interest within one year from the grant of letters testamentary upon the legacy of $10,000 given in paragraph 3 of the will to James Hanford Brookfield, should be further divided into three parts, and that one of these three parts should be paid to the trustee for the benefit of James Hanford Brookfield.

By paragraph 1 of the will the testatrix gave all her household furniture and all personal chattels to her sons Henry Morgan Brookfield and Frank Brookfield equally. By paragraph 2 is given to Frank Brookfield a share in the Adirondack League Club. By paragraph 3 $10,000 is bequeathed to James

Hanford Brookfield. Paragraph 4 of the will reads as follows: "*Fourth.* I direct that all the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situated, shall be divided as hereinafter directed by my executors hereinafter named into three equal shares or portions.

" I give, devise and bequeath one of said portions to my said son Henry Morgan Brookfield, to be his absolutely; to my said son Frank Brookfield another of such portions to be his absolutely; and the third and remaining share or portion I give, devise and bequeath to the Farmers Loan & Trust Company of the City of New York, in trust nevertheless, upon the following express trust, viz.: said Trust Company is to hold, manage, invest and reinvest such share or portion during the life of my son James Hanford Brookfield, and to pay over to him (said James Hanford Brookfield), semi-annually during his life the net income of such share or portion * * *."

While a consideration of the entire will seems to show an intention on the part of the testatrix to divide her estate, as nearly as possible, equally among her three children, it is only in respect to the *residuary* estate that this direction is given. The residuary estate therefore must be arrived at and divided in accordance with the rule laid down by the Court of Appeals in *Matter of Benson,* 96 N. Y. 499, which, in my opinion, is controlling on the question now before me. The position taken by the trustee is the correct one and the decree should provide for distribution accordingly.

Decreed accordingly.